THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* TOM FREDY, Principal, and GERARDO MOSCOSO, Surety, Defendants.

County Court, Kings County, June 19, 1937.

*Jacob Siegfried,* for the motion.

*William F. X. Geoghan, District Attorney,* and *John Lee, Assistant District Attorney,* opposed.

FITZGERALD, J. Defendant was arrested on June 2, 1936, charged with bookmaking.

A so-called "station house" bond was executed by him and Gerardo Moscoso for defendant's appearance the following day before a magistrate. (Code Crim. Proc. § 554.)

Defendant appeared at the time fixed for arraignment, whereupon the magistrate adjourned the examination until June 16, 1936, and continued the bond. On the adjourned day the defendant again appeared and the hearing was again adjourned until the twenty-sixth of June. On that day defendant failed to appear, the bond was forfeited and a judgment was duly entered against defendant and Moscoso.

A motion is now made by Moscoso to vacate the judgment. The motion is predicated upon the assertion that the obligation of the bond was fulfilled when defendant appeared for arraignment on June second; that the magistrate had no right to continue the bond; that the forfeiture was invalid, and that the judgment entered upon the forfeiture was illegal.

On argument of the motion the representative of the district attorney's office took the anomalous position that the contentions of the surety were correct; that the action of the magistrate was unauthorized; that the entry of the judgment by the district attorney was improvident, and that the judgment was void.

The entire argument for the vacating of the judgment is based upon the wording of section 554 of the Code of Criminal Procedure.

The pertinent part of the statute is as follows: " 3. * * * And any chief or acting chief, captain or sergeant of police, or acting sergeant of police, or lieutenant of police, in any city or village, or in any town maintaining a police department, organized pursuant to the laws of this State, must take bail for his appearance before a competent and accessible magistrate the next morning from any person arrested for a misdemeanor between eleven o'clock in the morning and eight o'clock the next morning, just as soon as the person offers himself as bail for the person or persons arrested. When such chief or acting chief, captain or sergeant of police, or acting sergeant of police, or lieutenant of police, takes bail, he must take it by an undertaking in the form in this section mentioned, executed in his presence by the defendant and at least one surety, who must justify under oath, or by the deposit of money or personal property accompanied by an oath of ownership,

in the cases and in such manner as hereinafter provided; and for these purposes the officer may administer all necessary oaths. The amount of bail taken by a chief or acting chief, captain or sergeant of police or acting sergeant of police, or lieutenant of police, under this section, must be as follows: If the offense be the violation of a corporation ordinance, the amount of bail must be one hundred dollars, except that if a conviction upon the charge would render the defendant liable only for a fine, the amount of the bail must be double the largest fine that could be imposed; if the conviction would render him liable to imprisonment for thirty days or less, the amount of bail must be two hundred dollars; or, in such last mentioned case, it shall be in the discretion of such chief or acting chief, captain, sergeant of police, or acting sergeant of police, or lieutenant of police, to parole said prisoner, on his promise to appear on the following day before the proper magistrate. In all other cases the amount of bail must be five hundred dollars."

Section 554 enumerates the instances in which a defendant may be admitted to bail.

It it urged that the defendant having appeared before a magistrate pursuant to the terms of the bond, the obligation of the bond was fulfilled and the bond exonerated.

It is a notorious fact that magistrates in the city of New York are daily continuing such bonds. It has been authoritatively stated that in the borough of Brooklyn alone at least five thousand such continuances occur annually.

Although briefs were requested by the court on argument, the surety alone has submitted one. No case has been cited in which the right of a magistrate to continue such bonds has been determined, and the court has been unable to find any.

So far as it has been possible to ascertain, the power of magistrates to continue such bonds has never been challenged.

Section 551 of the Code of Criminal Procedure declares that " The taking of bail consists in the acceptance, by a competent court or magistrate, of the undertaking of sufficient bail for the appearance of the defendant *according to the terms of the undertaking*, or that the bail will pay to the people of this State a specified sum."

Section 554 was amended by adding the provision above quoted subsequent to the enactment of section 551; so that there must be read into that section by implication the others authorized to take bail in addition to competent courts or magistrates.

The undertaking given herein, which was forfeited, provides: " defendant shall appear and answer the complaint of P. L. 986,

before the Magistrate before whom he would be arraigned if not bailed, at 9:00 A. M., on June 3, 1936, to answer the complaint, and *there to remain to answer subject to any order of the Magistrate*, and render himself in execution thereof; of if he fail to perform any of these conditions, then we shall pay to the People of the State of New York the sum of $500.00."

Therein is the condition of the bond.

The surety insists that the obligation was fulfilled and the bond exonerated by the appearance of defendant on June 3, 1936; that notwithstanding the clear recitals of the undertaking the magistrate was without power to continue the bond.

Section 590 of the Code of Criminal Procedure provides the manner in which a surety may surrender a defendant, at any time before the forfeiture of the undertaking, and for the exoneration of the bail.

The defendant was not surrendered; so far as appears he has not been apprehended. The condition of the bond has not been fulfilled.

In my opinion the magistrate had the power to continue the bond to the adjourned days of the examination, and that the forfeiture of the bond was fully justified by defendant's failure to appear as ordered.

Motion denied.